IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EVANGELINA T.,[1] | Case No. 1:25-cv-00645-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Evangelina T. ("Plaintiff") filed this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the Court reverses the Commissioner's decision and remands for further administrative proceedings.

///

///

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

"As with other agency decisions, federal court review of social security determinations is limited." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). "For highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). Adhering to this principle, courts "follow three important rules" in reviewing social security determinations. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

First, courts "leave it to the [agency] to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Id.* (quoting *Treichler*, 775 F.3d at 1098). Second, courts "will 'disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098). Third, if the agency "'commits legal error, [courts] uphold the decision where that error is harmless,' meaning that 'it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("And even where this modest [substantial evidence] burden is not met, [courts] will not reverse an [agency] decision where the error was harmless." (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by regulation as recognized in Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022))).

///

///

PAGE 2 – OPINION AND ORDER

**BACKGROUND**

## I.     PLAINTIFF'S APPLICATION

Plaintiff filed her DIB application on August 17, 2022, alleging a disability onset date of January 1, 2015, and an amended disability onset date of March 4, 2022. (Tr. 15, 17.) The Commissioner denied Plaintiff's application initially and upon reconsideration. (*Id.*) Plaintiff and an impartial vocational expert ("VE") appeared and testified at a hearing before an administrative law judge ("ALJ") on May 28, 2024. (*Id.* at 36-69.) On June 6, 2024, the ALJ issued a written decision denying Plaintiff's application. (*Id.* at 15-30.) On March 27, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (*Id.* at 1-6.) Plaintiff now seeks judicial review of that decision.

## II.     THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011) (citation omitted). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

///

PAGE 3 – OPINION AND ORDER

The claimant bears the burden of proof for the first four steps. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *See id*. at 954. The Commissioner bears the burden of proof at step five, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (citation omitted). If the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d at 954.

## III.    THE ALJ'S DECISION

The ALJ applied the sequential evaluation process to determine if Plaintiff was disabled. (Tr. 15-30.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 4, 2022, the amended alleged onset date. (*Id.* at 17.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "multilevel degenerative disc disease with stenosis and disc protrusions of the cervical, thoracic, and lumbar spines; type 1 diabetes mellitus; right rotator cuff tear; asthma; anxiety; and depressive disorder." (*Id*. at 18.)

At step three, the ALJ determined that Plaintiff did not have an impairment that meets or medically equals a listed impairment. (*Id*.) The ALJ found that Plaintiff had the residual function capacity ("RFC") to perform sedentary work:

> The claimant can lift and carry 10 pounds occasionally and less than 10 pounds frequently. She can sit for six hours and stand and/or walk for two hours in an eight-hour workday. She can occasionally use her bilateral upper extremities to overhead lift, reach, push, and pull. The claimant can occasionally stoop, kneel, crouch, and climb stairs. She can never climb ladders, ropes, or scaffolds or work around dangerous, moving, or mechanical parts and unprotected heights. She should avoid concentrated exposure to temperature extremes, dust, fumes and other environmental irritants. She can do short, simple, routine, and repetitive tasks in two-hour intervals. The claimant can have occasional direct interaction

PAGE 4 – OPINION AND ORDER

with the general public, coworkers, and supervisors. She can perform non-production rate occupations and/or occupations that are fast paced assembly line jobs.

(*Id.* at 22.)

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 28.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including ticket checker, document preparer, and touch up screener. (*See id.* at 29, "[The VE] stated that the above listed jobs are an exhaustive list."; *see also id.* at 65, the VE testified that "[t]his is pretty much an exhaustive list" and then stated "[a]ny additional jobs I could provide would have very, very limited numbers, so I would say it's an exhaustive list.") Accordingly, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act from March 4, 2022 through the date of decision. (*Id.* at 30.)

## DISCUSSION

The parties agree that the Court should reverse and remand the ALJ's decision but disagree about the scope of the remand. (*See* Pl.'s Br. at 8-10, ECF No. 9; Def.'s Br. at 2-7, ECF No. 11.) Plaintiff argues that the Court should remand for the immediate payment of benefits because the ALJ erred at step five by failing to identify a significant number of jobs Plaintiff could perform in the national economy and she is therefore disabled. (*See* Pl.'s Br. at 3-10.) The Commissioner acknowledges that there is an apparent conflict between Plaintiff's RFC and two of the jobs identified at step five, but argues that further administrative proceedings are necessary. (*See* Def.'s Br. at 5-7.)

## I.     APPLICABLE LAW

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [her]

PAGE 5 – OPINION AND ORDER

identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). After determining the claimant's RFC, the ALJ considers potential occupations that the claimant may be able to perform. *See* 20 C.F.R. § 416.966. In making this determination, the ALJ relies on the Dictionary of Occupational Titles ("DOT"), which is the Social Security Administration's ("SSA") "primary source of reliable job information" regarding jobs that exist in the national economy. *Zavalin v. Colvin*, 778 F.3d 842, 845-46 (9th Cir. 2015) (quoting *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990)); *see also* 20 C.F.R. §§ 416.969, 416.966(d)(1).

"The DOT describes the requirements for each listed occupation, including the necessary General Educational Development ('GED') levels; that is, 'aspects of education (formal and informal) . . . required of the worker for satisfactory job performance.'" *Zavalin*, 778 F.3d at 846 (citing DOT, App. C, 1991 WL 688702 (4th ed. 1991))."The GED levels includes the reasoning ability required to perform the job, ranging from Level 1 (which requires the least reasoning ability) to Level 6 (which requires the most)." *Zavalin*, 778 F.3d at 845 (citing DOT App. C, 1991 WL 688702 (4th ed. 1991)).

"In addition to the DOT, the ALJ relies on the testimony of vocational experts who testify about specific occupations that a claimant can perform in light of his residual functional capacity." *Zavalin*, 778 F.3d at 846 (first citing 20 C.F.R. § 416.966(e); and then citing *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009)). "Finally, to conclude the Step Five analysis, the ALJ determines 'whether, given the claimant's [RFC], age, education, and work experience, he actually can find some work in the national economy.'" *Id.* (first quoting *Valentine*, 574 F.3d at 689; and then citing 20 C.F.R. § 416.920(g)).

"When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the

PAGE 6 – OPINION AND ORDER

inconsistency." *Id.* (citing *Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007)). "The ALJ must ask the expert to explain the conflict and 'then determine whether the vocational expert's explanation for the conflict is reasonable' before relying on the expert's testimony to reach a disability determination." *Id.* (first citing *Massachi*, 486 F.3d at 1153-54; and then citing SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000)). "The ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence." *Id.* (citing *Massachi*, 486 F.3d at 1154); *see also Massachi*, 486 F.3d at 1154 (finding that "we cannot determine whether the ALJ properly relied on [the VE's] testimony" due to unresolved occupational evidence).

## II.    ANALYSIS

Consistent with the Ninth Circuit's guidance in *Zavalin*, the Court remands this case for further administrative proceedings.

The Commissioner acknowledges that there is an apparent conflict between Plaintiff's RFC and the ticket checker and document preparer jobs. (*See* Tr. 22, 29; *see also* Pl.'s Br. at 6-8; Def.'s Br. at 5-7.) Plaintiff's RFC limited her to performing "short, simple, routine, and repetitive tasks," a limitation both parties agree appears to conflict with the level three reasoning requirements required for those jobs as described in the DOT. (*See* Pl.'s Br. at 6-8; Def.'s Br. at 5-7.) Plaintiff argues that her limitation to "short, simple, routine, and repetitive tasks" necessarily precludes her from performing *any* reasoning level three jobs because the VE testified that the list of three available jobs was "exhaustive." (Pl.'s Br. at 6-9.) The Commissioner disagrees, asserting that further proceedings are necessary to allow the ALJ to resolve the apparent conflict. (*See* Def.'s Br. at 5-7.)

Both parties rely on the Ninth Circuit's decision in *Zavalin*. In *Zavalin*, the Ninth Circuit remanded a similar case with an apparent conflict between the claimant's RFC and identified

PAGE 7 – OPINION AND ORDER

jobs with level three reasoning because "[t]he ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence." 778 F.3d at 846 (citing *Massachi*, 486 F.3d at 1154). The Ninth Circuit's instruction in *Zavalin* is consistent with SSA guidance requiring the ALJ to reconcile apparent conflicts between VE testimony and DOT job descriptions. *See* SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000) (providing that in the case of an apparent conflict, "[n]either the DOT nor the VE . . . evidence automatically 'trumps'" the other and the ALJ must resolve the conflict).

Here, neither the ALJ nor Plaintiff's counsel questioned the VE about the apparent conflict between Plaintiff's limitations and the identified DOT job descriptions. (*See* Tr. 63-69.) Absent that inquiry, the Court cannot determine whether the ALJ properly relied on the VE's testimony or whether substantial evidence supports the ALJ's step five finding. *See Zavalin*, 778 F.3d at 846 ("When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency. The ALJ must ask the expert to explain the conflict and 'then determine whether the vocational expert's explanation for the conflict is reasonable' before relying on the expert's testimony to reach a disability determination.") (citations omitted). Although the Court agrees with Plaintiff that the VE's testimony that her list of jobs was "exhaustive" renders this an unusual posture, the Court cannot conclude with any certainty whether work exists in significant numbers in the national economy that Plaintiff can perform. (*See* Tr. 65, the VE testified that "[a]ny additional jobs I could provide would have very, very limited numbers" but did not provide the numbers.)

///

PAGE 8 – OPINION AND ORDER

For those reasons, the Court concludes that further administrative proceedings are necessary to allow the ALJ to resolve the conflict and determine if Plaintiff can perform other work that exists in significant numbers in the national economy. *See Zavalin*, 778 F.3d at 846 (remanding for further proceedings because "[t]he ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence" (citing *Massachi*, 486 F.3d at 1154)); *Rasmussen v. Kijakazi*, No. 21-35468, 2022 WL 2287566, at *1 (9th Cir. June 24, 2022) (remanding for further proceedings due to legal error at step five because "[t]he ALJ did not identify and attempt to resolve the apparent conflict between [Plaintiff's] RFC and Level [Three] Reasoning" (citing *Zavalin*, 778 F.3d at 848)); *Massachi*, 486 F.3d at 1153-54 (remanding for further proceedings where the ALJ did not address an apparent conflict between the DOT and the VE testimony to determine whether substantial evidence supported the ALJ's step five findings); *Mitzel v. Comm'r of Soc. Sec.*, No. 1:20-cv-01757-BAK, 2022 WL 2670202, at *9 (E.D. Cal. July 11, 2022) ("[T]he Court finds that there is an apparent conflict between the RFC determination and the VE's testimony concerning available jobs at Step Five. The Court finds the ALJ did not resolve this apparent inconsistency, and thus the Court cannot determine whether the decision is supported by substantial evidence and remand is appropriate to resolve the apparent conflict." (citing, *inter alia*, *Zavalin*, 778 F.3d at 846)).

///

///

///

///

///

///

PAGE 9 – OPINION AND ORDER

**CONCLUSION**

For the reasons stated, the Court REVERSES the Commissioner's decision and

REMANDS this case for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED this 12th day of June, 2026.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 10 – OPINION AND ORDER